UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROGER DAVIS, | |
|     Petitioner, | 2:10-cv-02116-GMN-LRL |
| vs. | |
| | ORDER |
| BRIAN WILLIAMS, *et al.,* | |
|     Respondents. | |

This is an action on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner, a state prisoner, is proceeding *pro se*. Before the Court is Respondents' Motion to Dismiss (ECF No. 6), Petitioner's Opposition (ECF No. 14) and Respondents' Reply (ECF No. 15).

**I.    Procedural History**

Petitioner was charged on April 19, 2007, with one count of Attempted Lewdness With a Child Under the Age of 14. Exhibit 14.[1] After waiving his preliminary hearing, Petitioner agreed to enter a guilty plea to the charged count. Exhibit 10. A Guilty Plea Agreement was executed by Petitioner and filed with the Court. Exhibit 15. Thereafter, counsel for Petitioner was substituted and a Motion to Withdraw the Guilty Plea was filed on July 6, 2007. Exhibits 16 and 21. The Court conducted an evidentiary hearing on the motion. Exhibits 25. The Court denied the Motion to Withdraw Guilty Plea and sentenced Petitioner to twenty (20) years in prison with the possibility of parole after seventy two (72) months. Exhibit 32.

Petitioner filed a direct appeal. Exhibits 37 and 49. The Nevada Supreme Court affirmed the conviction. Exhibit 51. Thereafter, Petitioner filed a state post-conviction petition. Exhibit 54. That petition was denied. Exhibit 60. On appeal, the Nevada Supreme Court affirmed the lower

---

[1] The exhibits referenced in this Order were submitted by Respondents in support of their Motion to Dismiss and are found in the Court's docket at ECF Nos. 7 and 8.

court's decision. Exhibit 77. Petitioner filed his federal petition with this Court on December 6, 2010. Respondents move to dismiss.

## II. Discussion

Petitioner raises three (3) grounds for relief in his federal petition:

I. The state district court improperly denied Davis's motion to withdraw his guilty plea because:

    A) the guilty plea was not knowing or voluntary; and
    B) the guilty plea canvass was inadequate,

in violation of Davis's Fifth and Fourteenth Amendment rights to due process.

II. Davis received ineffective assistance of counsel when his trial counsel:

    A. failed to investigate three witnesses or have them tested for psychological or emotional impairment;
    B. failed to inform the court at his plea agreement hearing that Davis was under the influence of pain medication; and
    C. failed to advise Davis to submit to a psychosexual examination prior to sentencing,

in violation of Davis's Sixth and Fourteenth Amendment right to assistance of counsel.

III. The state district court improperly relied on the more unfavorable of two pre-sentence reports at sentencing, in violation of Davis's Fifth Amendment right to due process.

Respondents move for an order directing Petitioner to submit a supplemental signature page to his Petition and to dismiss the Petition contending that ground 1 (B), ground 2 (A) and (B) and ground 3 remain unexhausted.

The request for a supplemental signature shall be denied. Respondents will find Petitioner's signed verification of the Petition on page 7-B and page 9 thereof.

    A. <u>Exhaustion</u>

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

/ / /

/ / /

U.S.C. § 2254(b).² State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

---

² 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The fact that the state court does not explicitly rule on the merits of Petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

Petitioner argues that all of his claims have been exhausted through their presentation to the state court. He further contends that the Nevada Supreme Court considered the claims in their Orders of Affirmance filed on February 11, 2008 (Exhibit 51) and December 23, 2009 (Exhibit 77).

Ground 1 (B), claiming that the canvass at the entry of plea was inadequate does not appear to have been presented to the Nevada Supreme Court in any context. It was not raised as part of the direct appeal. Neither was it included in the Fast Track Appeal Statement filed on appeal from post-conviction. Ground 1 (B) is unexhausted.

Having reviewed the Fast Track Appeal Statements filed in Petitioner's direct appeal and in his appeal from denial of post-conviction review along with orders of the Nevada Supreme Court deciding those appeals, the Court finds that Petitioner did, in fact, raise and exhaust ground 2(a) on direct appeal. *See* Exhibit 51, p 1. The Nevada Supreme Court acknowledged and considered a claim that counsel was ineffective for "failing to investigate." The Court noted, "Davis alleges that defense counsel should have interviewed percipient witnesses and requested physical and psychological examinations of the victim." *Id.* This claim is the same as Petitioner's present claim that he received ineffective assistance of counsel where counsel "failed to investigate three witnesses or have them tested for psychological or emotional impairment." While this is a slightly more specific statement of the facts to support his claim than was presented in the Fast Track Appeal Statement (Exhibit 49, pp. 7 and 8), the additional specificity does not alter the basic nature of the claim. *Luna v. Cambra* 306 F.3d 954, 965 (9th Cir. 2002) as amended by 311 F.3d 928 (9th Cir. 2002); *Demarest v. Price* 130 F.3d 922, 932 (10th Cir. 1997).

Ground 2 (B) is also exhausted as it, too, was presented to the Nevada Supreme Court on

4

direct appeal. Respondents' argument that the facts were raised in the context of a due process claim, but not as an ineffective assistance of counsel claim, is misplaced. The brief clearly sets out ineffective assistance as a basis for the Court to have allowed Petitioner to withdraw his guilty plea. The facts related to Petitioner's medication at the time of entry of the plea were discussed in the context of counsel's knowledge and awareness of that medication and its effects on Petitioner, as well as its impact on the voluntary and knowing nature of the plea. Ground 2 is exhausted.

Ground 3 raised a due process violation in that Petitioner believed the Court improperly relied on a less favorable pre-sentence report than another report that was available. On direct appeal, these facts were presented. However, they were presented as support for the ineffective assistance of sentencing counsel claim, to highlight defense counsels' decision to advise Petitioner not to participate in a psychosexual evaluation prior to the Court's entry of a decision on his Motion to Withdraw the Guilty Plea. The claim was not presented as a free-standing due process claim. It is unexhausted.

Based on these findings, the Court is faced with a mixed Petition.

V.     Petitioner's Mixed Petition

The Court finds ground 1 (B) and ground 3 of the petition to be unexhausted in state court. Consequently, the Court finds the Petition in this action to be a "mixed" Petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire Petition is subject to dismissal, unless Petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it

were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the Petition is mixed, the Court will grant the Motion to Dismiss in part, and deny it in part. However, in view of *Rhines*, before the Court determines how to handle Petitioner's mixed Petition, the Court will grant Petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents will be granted an opportunity to respond, and Petitioner to reply.

Alternatively, Petitioner may advise the Court of his desire to abandon the unexhausted claims by filing with the Court a sworn declaration of abandonment, signed by the Petitioner, himself.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 6) is **GRANTED in part** and **DENIED in part**. The Court finds ground 1 (B) and ground 3 to be unexhausted in state court. The Court further finds that Petitioner has provided a proper signed verification of the Petition.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date of entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, Petitioner may advise the Court of his desire to abandon the unexhausted claims (ground 1 (B) and ground 3) by filing a sworn declaration of abandonment, signed by the Petitioner, himself. This declaration shall be filed within the thirty (30) days allowed to show cause for non-exhaustion.

1  **IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF
2  No. 16) is **DENIED.**
3  DATED this 26th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge